UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **DESIGN BASICS, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:06-CV-00072 |
| ) | |
| **GRANITE RIDGE BUILDERS, INC., et al.,** ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court is a stipulation by the parties seeking approval of a revised proposed protective order. (Docket # 21.) As the proposed order is still overly broad, it will be DENIED.

The proposed order's definition of "confidential" is impermissibly broad:

> [A]ny document, item, or thing, or any portion thereof which is or has been created, produced, served or filed by or on behalf of any party to this suit or third party . . . which contains financial, marketing or other trade secret information of the parties, may be designated by such producing, filing, serving, or creating party or non-party as "Confidential."

(Proposed Agreed Protective Order ¶ 1.) Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). However, the protective order submitted by the parties provides no basis for finding good cause.

A protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Id.* at 945-46 (noting that a broad protective order granting carte blanche discretion to a party is invalid). Here, the categories of "financial" and "marketing"

information, absent any clarifying definitions, are overly broad. *See id.*; *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).  For example, a marketing brochure freely given to prospective customers by the parties would fall within the category of "marketing" information as the proposed order is currently drafted. *See Cook*, 206 F.R.D. at 248-49 (explaining that for material to be protected, it "must give the holder an economic advantage and threaten a competitive injury -- business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection").

  Furthermore, the parties fail to explain why their financial and marketing information is confidential, other than by vaguely stating that "their business functions do overlap in that both engage in the design and marketing of house plans." (Proposed Agreed Protective Order ¶ 1.) "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

  Moreover, the revised order is also excessively broad because it incorporates "fudge" words, resulting in an order that seeks to protect more material than may be necessary. *See Cincinnati Insurance*, 178 F.3d at 945; *Shepard*, 2003 WL 1702256, at *1.  More specifically,

the order endeavors to protect entire documents "containing" confidential information, rather than solely protecting the actual confidential material. (*See* Proposed Agreed Protective Order ¶¶ 1-3); *Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).  Similarly, the proposed order allows a party to designate as "confidential" information "that it *in good faith believes to be* confidential, proprietary, or otherwise secret," rather than, for example, simply protecting material that "is" confidential. (Proposed Agreed Protective Order ¶ 2); *see Shepard*, 2003 WL 1702256, at *1 (opining that the incorporation of the term "believed" by the parties was a "fudge" that was not cured by qualifying it with "upon good faith").

Indeed, if the Court were to approve this order, the parties would in essence be left with a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal," as the proposed order extends beyond the discovery phase of the proceedings. *Cincinnati Insurance*, 178 F.3d at 944.  The Seventh Circuit has repeatedly held that such overly broad protective orders are invalid. *See, e.g., id.* at 945.  "Obtaining a protective order in an appropriate case need not be a[n] onerous task.  But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2; *see generally Alexander Hous. LLC v. Int'l Bhd. of Elec. Workers*, No. 04 C 1650, 2004 WL 1718654, at *2 (N.D. Ill. July 29, 2004) ("[T]he

3

public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding.").

Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) of the Federal Rules of Civil Procedure and Seventh Circuit case law, but what has been submitted thus far is inadequate. For these reasons, the Court hereby DENIES approval of the revised agreed protective order submitted by the parties (Docket # 21).

SO ORDERED.

Enter for this 20th day of November, 2006.

                                        S/ Roger B. Cosbey
                                        Roger B. Cosbey,
                                        United States Magistrate Judge