UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| Design Basics, Inc. ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 1:06-CV-00072TLS-RBC |
| Granite Ridge Builders, Inc., By Tony ) | |
| Reincke; Granite Ridge Builders, Inc. of ) | |
| Indianapolis; Granite Ridge Developers, ) | |
| LLC; Granite Ridge Group, Inc. By ) | |
| Tony Reincke, D/B/A Granite Ridge ) | |
| Realty; and Tony Reincke Individually ) | |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

**Purpose of Motion**

Plaintiff seeks an Order from the Court compelling Defendants, Granite Ridge Builders, Inc., By Tony Reincke, Granite Ridge Builders, Inc. of Indianapolis, Granite Ridge Developers, LLC, Granite Ridge Group, Inc. By Tony Reincke, D/B/A Granite Ridge Realty, Tony Reincke Individually, to respond to certain discovery requests, and/or to supplement and more completely respond to discovery.

**Background of Matter**

Title 17 provides for the recovery of defendant's "profits attributable to the infringement." DBI propounded Defendant-Infringers two sets of very thorough interrogatories which seek to determine these numbers. In response to the first set of interrogatories and requests for production inquiring about gross and net profits from their construction of some 147 house that infringe the 23 house plans infringed by

Page 1 of 9

Defendants, the Defendant-Infringer "Builder Entities" represented by Kightlinger & Gray, provided a series of spreadsheets showing gross revenue numbers as well as deductible expenses, and even a net profit column (See Sealed **Exhibits A, B and C**). From Defendants' responses it became clear that additional written discovery would be needed, and a second set was drafted and served on Defendants.

### **Defendants' Responses to DBI's SECOND Interrogatories**

In response to questions 10 - 12 of DBI's second interrogatories however, Defendants did not answer the questions, nor did they provide xl spreadsheets as they did with the first discovery.

### **Interrogatory 10**

DBI's Interrogatory 10 (Second Interrogatories) and Defendants' most recent original response (this one was never supplemented) is set forth *verbatim*, in bold print:

10. Other than to have looked at them, have you used any of the 26 different Design Basics, Inc. Plan Books that you purchased (on November 31, 2001, March 15, 2005, and October 20, 2005) in any other way? If so, please state in detail each and every way in which they, or any portion of them, were used - by you and all others -providing at least the following information:

a. Was any book copied in its entirety, and/or any pages within same photocopied, and if so, identify each book and page photocopied; provide the date and physical location where each such copying was performed; identify each person/entity who/that owned the premise(s) and was the owner or lessor of each copy machine(s) on which each such copy was made; identify who made each such copy; state the number of copies made of each such page; and identify each compilation into which each such page was bound or otherwise attached;

b. If any of the 26 different Design Basics, Inc. Plan Books were used for any promotional or advertising purpose, including but not limited to displaying them in model homes and/or within the Granite Ridge design center, state who directed each such

action, state the inclusive period of time during which each such plan book was so used, and identify each location where each book was so used; and

c. Identify each customer and potential customer who viewed each such Design Basics, Inc. Plan book(s), provide the date and place of such viewing, and state whether each such person had you build, or purchased a house from you, and the Granite Ridge plan name they purchased.

**ANSWER:**

**a. See booklets previously produced, which were first compiled at Delagrange.**

**b. The books were available as reference material on Granite Ridge Builders' premises. They have not been in use since 2006.**

**c. Unknown.**

### Relief Sought

Other than part c, Defendants has wholly failed to respond to Interrogatory 10, and should be ordered to do so.

### Defendants' Responses to Second Interrogatories 11 & 12

DBI's Interrogatory 11 (Second Interrogatories) and Defendants' most recent *supplemental* response is set forth verbatim, in bold print (with highlighting of pertinent parts):

11. Please describe the business of the entities Salt Hill Development, LLC, Hg Development LLC, Roanoke Development LLC, Olladale Development LLC, Columbia City Development LLC, and Reincke-Norris LLC; state the date of inception; identify all investors, directors, principals, officers, partners and owners; identify all documents setting out the business plan of each entity; describe the relationship of each entity to the others; state whether or not the entity has realized any gross revenue from the marketing, building and/or sale of the following Granite Ridge Builders' named plans and derivatives (including the land development where any houses using said plans were

constructed), or is in the process of doing so, regardless of whether the specific entity itself did any marketing, building and/or sale and/or development: Allenwood, Autumn Brook, Bay Hill I, Bay Hill II, Brookwood III, Claytonbrook, Clearbrook A, Clearbrook, Clearbrook II, Cliffwood, Delbrook, Ellewood, Falconbrook, Grenwood, Hearthbrook, Hollywood, Jacksonville, Lincoln Hill, Lodgebrook Maple Hill, Norbrook, Pebblebrook, Pebblebrook II, Pinebrook, Saddlebrook, Seabrook, Sherwood, Sinclairwood, Southbrook, Standley Hill, Suttonbrook, Vistawood, and Willowbrook.

**ANSWER: Defendants object to this Interrogatory as it asks for information that is irrelevant, inadmissible, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants' further object to this Interrogatory as it is overly broad and unduly burdensome and requests information that is confidential and proprietary. Defendant objects to this request as it asks for information that is subject to privilege.** Without waiving said objections, Defendants state the following:

**SUPPLEMENTAL ANSWER: Salt Hill Development, LLC., HG Development, LLC., Roanoke Development, LLC., Olladale Development, LLC., and Columbia City Development, LLC. are each independent subdividers for various subdivisions out of which Granite Ridge Builders or Granite Ridge Builder's customers could purchase lots. Any funds received by these sub dividers for lots containing homes based upon the plans specified in this interrogatory and purchased by consumers would be as reflected in the house files previously produced and produced in response to the instant discovery.**

**Reincke-Norris, LLC. rents already constructed homes which may or may not include homes based upon the above-referenced plans.**

**The business records reflecting the organization of each of these entities and identification of principals are all matters of public record readily ascertainable by Plaintiff.**

First, Defendants are (still apparently) claiming an inability to produce confidential/proprietary information when a protective order was finally hammered-out and entered by the Court months ago. Second, Defendants are (still apparently) claiming privilege when they have never produced any privilege log. Finally, it is wholly

insufficient to refer DBI to several dozens boxes of financial data produced (in literally hundreds of manila folders with hundreds of ledgers) for this answer. Similarly, when the principal in all Defendant entities is Tony Reincke, for Defendants to respond that "Reincke-Norris, LLC rents already constructed homes *which may or may not include homes based upon the above-referenced plans*" does not comply with the rules, does not comply with the burdens placed on infringers under Title 17, and does not provide the level of candor expected of parties in Federal District Court.

Plaintiff Counsel tried to convince Defense Counsel to respond to these two discovery requests, without success (**Exhibit D**, email string).

**Relief Sought**

DBI seeks an order compelling Defendants: 1) to respond to interrogatory numbers 11 and 12 completely and unequivocally, and 2) to produce and swear to the dollar profit numbers provided in the manner in which they did to the previous discovery (Microsoft XL spreadsheets).

**Supplements Needed to Defendants' Responses**

**Profits Attributable to Infringements *after* December 19, 2006**

Defendants' spreadsheets provided data up to approximately December 19, 2006. However, there are apparently additional houses numbering as many as 40, for which neither gross or net profit figures have been provided (Sealed **Exhibit E,** spreadsheet provided by Builder-Developer Entities and sealed email). Further, upon information and

belief, Defendants have built even more infringing structures beyond the 40 shown on **Exhibit E.**

**To be able to effectively negotiate settlement of all claims at the May 8, 2007 conference, DBI needs these numbers.** In this vein, DBI's counsel sent **Exhibit F** seeking this information, without response.

### Tax Returns Supplementation

Additionally, Defendants have produced tax returns for Granite Ridge Group, Inc. and for Tony Reincke individually for years 2000 - 2005, but have not supplemented for tax year 2006. These documents are needed to assess the veracity of Defendants' numbers on the spreadsheets produced, as well as to assess Defendants' ability to fund settlement.

### Interrogatory 19 - Information on Model Homes

DBI's Interrogatory 19 (Second Interrogatories), and Defendants' most recent supplemental response is set forth *verbatim*, in bold print:

19. Identify every model home used by any Defendant to sell its products since January 1, 2001. Please include the plan name, address, subdivision, if purchased, identify who purchased it, and if still a model, identify the construction lender and loan number.

**ANSWER: Defendants object to this Interrogatory as it asks for information that is irrelevant, inadmissible, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants' further object to this Interrogatory as it is overly broad and unduly burdensome and requests information that is confidential and proprietary. Without waiving said objections, Defendants state as follows:**

**SUPPLEMENTAL ANSWER: Defendant does not track and therefore has no way of *readily* identifying each home that has ever been used as a "model home" since January 1, 2001.** However, the information requested in this interrogatory with specific regard to homes constructed based upon the alleged infringing plans previously identified in these requests, have been previously produced.

It is believed that many of the infringing structures for which Defendants show a loss on the spreadsheets produced were model homes, and that those carrying costs should not be charged directly against revenue from that structure alone, but should be charged against (spread amongst) all sales revenue in that year. This information is needed to assess Defendants' deductible expenses and to apportion profits appropriately. If Defendants do not answer interrogatory 19, it will be impossible for DBI to properly calculate the *true* profits attributable to Defendants' infringements.

### Relief Requested

Defendants should be ordered to respond to DBI's Second Interrogatories, Number 19.

### Discovery from Granite Ridge Group, Inc.

### Profits Attributable to "Estimating Fees" and Real Estate Commissions

Additionally, the Defendant Granite Ridge Group, Inc., represented by Hunt, Suedhoff & Kalamaros, LLP, has neither responded to the interrogatories on gross and net dollars of profit received by GRGroup, nor provided spreadsheets bearing numbers for same. In response to the first request for Granite Ridge Group to provide gross and net revenue numbers, GRG objected, and stated that *"Documentation/information*

*regarding same, as it relates to this defendant, **will be produced** subject to and in accordance with agreed protective order."*

On February 19, 2006, DBI sent the first of several requests for GRG to supplement (**Exhibits G and G-1**). Again on March 6, 2007 DBI again asked for GRG to provide and swear to gross and net revenue numbers (**Exhibit H**) to which the response was, *"We are working on it."* Yet again on March 28, and April 11, 2006, DBI's Counsel asked GRB's Counsel to supplement (**Exhibits I and I-1**) the interrogatory. Finally on or about April 16 GRB's Counsel faxed a letter to DBI's Counsel saying *"all of the information you seek has already been produced, with the exception of Granite Ridge Group's tax returns which are enclosed..."* (**Exhibit J**)

### Argument

GRG developed subdivisions where GRB infringed DBI's plans by marketing copies of its plans, building model homes with infringing plans, and selling infringing structures within the subdivisions GRG developed. GRG charged each homeowner 2% of the sales price of the house for "estimating fees," and also acted as realtor, earning between 3% - 6% commission on each infringing structure. DBI is therefore entitled to a **sworn answer** to the gross revenue inquiry for GRG, and for Tony Reincke individually. Income tax returns will not show "gross profits attributable to the infringements." 17 U.S.C. § 504(b)

**Again, to be able to effectively negotiate settlement of all claims at the May 8, 2007 conference, DBI needs these numbers.**

                                        Respectfully submitted,

By:   *s/Dana A. LeJune*
       Dana LeJune
       3006 Brazos Street
       Houston, Texas 77006
       (713) 942.9898
       (713) 942.9899 Facsimile
       Email: dlejune@triallawyers.net
       ATTORNEY FOR PLAINTIFF,
       Design Basics, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2007, the foregoing was filed with the Clerk of the Court using CM/ECF System. Notification of this filing will also be sent to the following parties by Federal Express.

Philip E. Kalamaros, Esq.
Hunt, Suedhoff & Kalamaros, LLP
301 State Street, 2nd Flr.
St. Joseph, Michigan 49085

Erin Clancy, Esq.
Kightlinger & Gray, LLP
Market Square Center, Suite 600
151 N. Delaware Street
Indianapolis, Indiana 46204

                                        *s/Dana A. LeJune*
                                        Dana A. LeJune