**Dana LeJune**

| | |
|---|---|
| **From:** | Clancy, Erin [EClancy@k-glaw.com] |
| **Sent:** | Monday, March 19, 2007 10:39 AM |
| **To:** | Dana LeJune |
| **Cc:** | Phil Kalamaros; Brown, Michael; Melanie Farr |
| **Subject:** | FW: Granite Ridge |

**Attachments:** Ltr to plaintiff_s atty request supplemental ans to rogs.DOC



Ltr to plaintiff_s
atty reques...

Dana,

I suppose you should file your motion then. I'm not sure why everything has to be a drawn out, contentious battle with you, but it seems quite clear that you aren't going to be happy until it occurs, so have at it.

As for our responses to discovery, again, even ignoring that we weren't obligated to answer ANY of your client's second round of interrogatories considering the number was far in excess of both the federal rules and the discovery order in effect in this case, we still, in good faith, prepared responses to your 500 or so questions (subparts included) and bent over backwards to get you information. We obliged your multiple, specific requests for production of information in particular formats you requested, by email or in particular spreadsheet form, even though we weren't obliged to. In fact, to save you time, effort and money (and another trip to Indiana), my clients agreed to haul boxes of house files (containing thousands of documents) off to Kinko's for copying to get to you, again per your request, when all we were obligated to do under the federal rules was to make them available for your inspection and copying. So ultimately, I believe my clients have gone over and above what has been required of them in the discovery process. To the extent you'd like to drag the Court in to play sandbox referee over 2 subparts of 2 questions out of the collective 732 interrogatories served by your clients, that is your client's decision, and also their burden to make a good faith claim of it before the Court, considering that the interrogatories already violate the FRCP and Ct order in this case.

To address you specific concerns, the answers are what they are. You might note that there are objections preceding each answer, and so the answers are themselves qualified to the specific questions you asked and in the context that you asked them. Merely because they don't contain information you believe you'd like to see, does not mean they are inadequate or not in compliance with the federal rules. To the extent you'd like clarification, I believe you are deposing Tony Reincke on April 24th regardless. And, with specific regard to interrogatory 11, as you well know, and regardless of your contentions to the contrary, my clients are able to, under FRCP 33(d), opt to produce business records, as "it is a sufficient answer to such interrogatory to specify the record from which the answer may be derived or ascertained . . ." Ultimately, we are not obliged to interpret the records we've produced to conjure answers merely because you've asked the questions - The documents speak for themselves, and derivation of answers and/or interpretation of same is for you.

As a final matter, your continued discontent with my clients' discovery responses seems nothing if not hypocritical when in response to Defendants' discovery, your client has failed to produce a single sheet of paper or other item. And, to the extent we are on the subject of inadequate discovery responses, attached please find correspondence outlining how you client has failed to do exactly those thing of which you'd like to accuse my client. In that regard, I would like to have your client's executed supplemental discovery responses by next Monday.

Regards,
Erin


PLAINTIFF'S
EXHIBIT

D

Erin A. Clancy
Kightlinger & Gray, LLP
Legal & Business Advisors
317-638-4521
Fax:  317-636-5917
eclancy@k-glaw.com
www.k-glaw.com

This message is confidential, intended only for the named recipient and may contain
information that is privileged, attorney work product or exempt from disclosure under
applicable law.  If you are not the intended recipient, you are notified that the
dissemination, distribution or copying of this message is strictly prohibited.  If you
receive this message in error, or are not the named recipient, please notify the sender at
either the e-mail address or telephone number above and delete this e-mail from your
computer.  Receipt by anyone other than the named recipient is not a waiver of any
attorney-client, work product, or other applicable privilege.  Thank you.

-----Original Message-----
From: Dlejune [mailto:dlejune@triallawyers.net]
Sent: Friday, March 16, 2007 4:56 PM .
To: Clancy, Erin
Cc: O'Connor, Melissa
Subject: Re: Granite Ridge

Erin:

The Defendants still have not answered interrogatory number 9b by identifying the entities
for which Reincke was acting, and number 11 by identifying their investors, and answering
unequivocally whether any of the entities, including Reincke-Norris, realized any gross
revenue from the marketing, building or sale of the stated plans.  You cannot simply refer
to the "house files" that were produced in responding to an interrogatory that requires
the entity, through a principal, to swear to the answer.  In short, Plaintiff is entitled
to a SWORN answer to each interrogatory, and we still do not have that.

I guess I will file the motion to compel complete responses on Monday.

Dana LeJune

-----Original message-----
From: "O'Connor, Melissa" MOconnor@k-glaw.com
Date: Fri, 16 Mar 2007 10:39:47 -0500
To: "Dana LeJune" dlejune@triallawyers.net
Subject: Granite Ridge

> Dana:
>
> Please find attached Supplemental Responses and Objections to
> Plaintiff's Second Interrogatories to all Defendants.  The original
> will
follow via u.s.
> first class mail.  Let me know if I may be of further assistance.
>
>
> Melissa O'Connor
> Legal Assistant to
> Steven E. Springer and Erin A. Clancy
> Kightlinger & Gray, LLP
> Legal & Business Advisors
> (317) 968-8167 (direct line)
> (317) 638-4521, ext. 8167
> moconnor@k-glaw.com <mailto:moconnor@k-glaw.com>
>

>
>
> This message is confidential, intended only for the named recipient
> and may contain information that is privileged, attorney work product
> or exempt from disclosure under applicable law.  If you are not the
> intended recipient, you are notified that the dissemination,
> distribution or copying of this message is strictly prohibited.  If
> you receive this message in error, or are not the named recipient,
> please notify the sender at either the e-mail address or telephone
> number above and delete this e-mail from your computer.  Receipt by
> anyone other than the named recipient is not a waiver of any
attorney-client, work product, or other applicable privilege.  Thank you.
>
>
>
>
>
>