UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **Design Basics, Inc.** ) | |
| ) | |
| **v.** ) | **Civil Action No.** |
| ) | **1:06-CV-00072TLS-RBC** |
| **Granite Ridge Builders, Inc., By Tony** ) | |
| **Reincke; Granite Ridge Builders, Inc. of** ) | |
| **Indianapolis; Granite Ridge Developers,** ) | |
| **LLC; Granite Ridge Group, Inc. By** ) | |
| **Tony Reincke, D/B/A Granite Ridge** ) | |
| **Realty; and Tony Reincke Individually** ) | |

**OPINION and ORDER**

This matter is before the Court on the Motion for Extension of Time to File a Reply to Defendants' Response to Plaintiff's Motion to Compel Discovery (DE# 63). Contemporaneously with the denial of this motion, the Court is denying the Plaintiff's motion to compel.

Notably, the Plaintiff concedes that its reply brief is overdue and requests that he be granted until June 25, 2007, to file one.[1] The basis for the delay, the reason why the brief was not timely filed in the first place, is that counsel was on vacation.

Rule 6(b) of the Federal Rules of Civil Procedure provides that an expired deadline can be extended in the case of "excusable neglect." Fed. R. Civ. P. 6(b). Excusable neglect is "a somewhat elastic concept," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993), demanding an equitable determination that can "encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 355-56 (7th Cir. 1997) (quoting *Pioneer*, 507 U.S. at 394). The relevant factors in this

---

[1] This statement assumes that the "brief" (DE# 61), filed on June 20, 2007, was not Plaintiff's reply brief.

equitable determination include "the danger of prejudice . . ., the length of the delay and its potential impact on the judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted [with] good faith." *Id*. at 359 (quoting *Pioneer*, 507 U.S. at 395).

Of course, counsel for the Plaintiff does not reveal anything that would support a finding of excusable neglect, and what is shown suggests that excusable neglect is not present. Consequently, the motion will be denied.

Nevertheless, if counsel is of the good faith belief that the discovery responses he has received are still inadequate, he is granted leave to file another motion to compel, targeted to the precise deficiencies he believes exist, together with a contemporaneous supporting brief, as well as a full and complete Local Rule 37.1 certification showing that a good faith meeting to resolve the discovery dispute occurred between counsel. SO ORDERED.

Dated: June 21, 2007.

                                              S/Roger B. Cosbey
                                              Magistrate Judge
                                              United States District Court
                                              Northern District of Indiana