UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DESIGN BASICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.   1:06-CV-72 |
| | ) | |
| GRANITE RIDGE BUILDERS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION and ORDER

This matter is before the Court on the Motion to Compel Discovery (DE # 41) filed by the Plaintiff, Design Basics, Inc., on April 30, 2007.  Defendants Granite Ridge Group, Inc., and Tony Reincke ("collectively, "Granite Ridge Group") filed a response on May 2, 2007 (DE # 54), and the remaining Defendants (collectively, "Granite Ridge Builders") filed a response on June 11, 2007 (DE # 56).  On June 20, 2007, Design Basics filed a reply brief[1] (DE # 61), together with a "Certificate of Compliance with Local Rule 37.1" (DE # 62).  For the reasons provided, the Motion to Compel will be DENIED.

### Factual and Procedural Background

Briefly stated, this case involves claims by Design Basics, a business that publishes architectural house designs, that Defendants allegedly copied without authorization various copyrighted home designs solely owned by Design Basics.

The instant discovery dispute involves interrogatories and requests for production of

---

[1] The so-called reply brief contains only one sentence: "Plaintiff, Design Basics, Inc., relies on its motion filed herein and requests this Honorable Court grant its Motion to Compel Discovery."

documents that inquire about gross and net profits arising from the construction of some 147 houses by Defendants that allegedly infringe 23 of Design Basics's copyrighted house plans. Design Basics contends that the discovery responses it received are inadequate.

In response, the Defendants each allege that the Motion to Compel should be denied because Design Basics failed to comply with the meet and confer requirement of both Federal Rule of Civil Procedure 37(a)(2)(B) and Local Rule 37.1.  Moreover, the Defendants note that the Motion should be denied because it was not accompanied by a separate supporting brief as required by Local Rule 7.1(b).  In addition, though they state that they fully responded to the requested discovery, the Defendants argue that Design Basics's discovery requests far exceed the generous scope of discovery the parties allowed for themselves in the Report of the Parties Planning Meeting (DE # 36), consisting of a "[m]aximum of 50 interrogatories, including subparts."  Finally, the Defendants argue that if the discovery was somehow deemed deficient by Design Basics before it filed its motion to compel, the supplementations since have cured any deficiency.

## Discussion

Local Rule 37.1(a) provides that the certification required by Federal Rule of Civil Procedure 37(a)(2)(B) shall recite, in addition to the information required under the appropriate Federal Rule, the date, time, and place of the conference . . . and the names of all persons participating therein." N.D. Ind. L.R. 37.1(a).  The certification is to be filed contemporaneously with the motion. N.D. Ind. L.R. 37.1(c).

As the Local Rule implies, a good faith effort to resolve a discovery dispute under Federal Rule of Civil Procedure 37(a)(2)(B) "requires that counsel converse, confer, compare

2

views, consult and deliberate." *Williams v. Bd. of County Comm'rs of Unified Gov't of Wyandotte County and Kansas City, Kan.*, 192 F.R.D. 698, 700 (D. Kan. 2000) (stating that a single letter between counsel addressing a discovery dispute does not satisfy the duty to confer). The requirement to meet-and-confer must be taken seriously, as "[b]efore the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves." *Robinson v. Potter*, 453 F.3d 990, 994-95 (8th Cir. 2006) (citing *Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186 (3d Cir. 2003)).

Here, it is immediately apparent that the Certificate filed by Design Basics is inadequate in that it does not recite the date, time or place of the supposed conferences as is required by Local Rule 37.1(a).[2] Moreover, the Certificate seems to suggest that after the Defendants supplemented their responses, agreement still "could not be reached on several [discovery responses] raised within the motion." (DE # 62.)  We are not sure what this assertion means, but it appears to say that not all the discovery responses raised in the instant motion are still at issue.[3] Nevertheless, it is apparent from the Certificate that counsel for Design Basics has not conferred with counsel for the Defendants since the further supplementation in an attempt to resolve all the remaining issues.  Consequently, the motion to compel will be denied for failing to comply with Federal Rule of Civil Procedure 37(a)(2)(B) and Local Rule 37.1.

Finally, the burden is on Design Basics to explain how the discovery responses submitted by the Granite Ridge Group and the Granite Ridge Builders are inadequate, incomplete or

---

[2] The Certificate also was not actually filed with the motion as is required by Local Rule 37.1(c), but instead was filed with the reply brief.

[3] It would have been helpful if counsel had taken the time to delineate for the Court the issues still remaining.  Normally, we would find such an explanation within a reply brief, but as noted *supra*, Design Basics's brief is of no help.

unresponsive.  We cannot tell from the record produced that the discovery responses, either by way of documents, spreadsheets or interrogatory answers, are inadequate or nonresponsive. *See* James Wm. Moore, 7 Moore's Federal Practice § 37.05[5] (3rd ed.) ("A motion to compel discovery or disclosure should both identify specifically the portions of the responses that are inadequate, and explain, at least briefly, what is missing or what kind of information would be necessary to make the responses adequate.").

Accordingly, for the reasons stated in this Opinion, the Motion to Compel is being denied.

## Conclusion

For the reasons provided, the Motion to Compel (DE # 41) filed by Design Basics is hereby DENIED.


Enter: June 21, 2007.

S/Roger B. Cosbey  
Roger B. Cosbey  
United States Magistrate Judge

4